UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Barry Ahuruonye, ) | |
| ) | |
| Plaintiff, ) | Case: 1:17-cv-00398 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 3/3/2017 |
| ) | Description: Pro Se Gen. Civ. **(F-DECK)** |
| Merit Systems Protection Board, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted.

Plaintiff is a resident of Hyattsville, Maryland. The complaint is not a model of clarity, but the named defendant is the Merit Systems Protection Board ("MSPB"). Plaintiff describes this action as "a combined motion for review and *de novo* adjudication of MSPB final decisions[.]" Compl. at 1. Plaintiff further states that this action "involves a claim of discrimination based on race, color, national origin," *id.* at 2, but he has not alleged specific facts to support such a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Regardless, the applicable federal statute, Title VII of the Civil Rights Act of 1964, does not create a cause of action against the MSPB arising from its processing of a case. *Woodruff v.*

1

*McPhie*, 383 Fed. App'x 5, 6 (D.C. Cir. 2010). Rather, "the only proper defendant [in a Title VII action] is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired[.]" *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 29 (D.D.C. 2016) (quoting *Hackley v. Roudebush*, 520 F.2d 08, 115 n.17 (D.C. Cir. 1975)). As for the claim for review of the MSPB's decision, "this Court is precluded from either reviewing final decisions of MSPB or compelling MSPB to act in a certain manner because [t]he Federal Circuit Court of Appeals has exclusive jurisdiction of an appeal from a final order or final decision of the MSPB." *Id.* at 30 (citations and internal quotation marks omitted). Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: February 27, 2017

United States District Judge